OPINION
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to Appellate Rule 11.1(E) and Local Rule 12. Pursuant to Local Rule 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
The defendant-appellant, Chrystal McDuffie, appeals the judgment of the Wyandot County Court of Common Pleas, Juvenile Division, terminating her parental rights and responsibilities and granting permanent care and custody of her minor child to the plaintiff-appellee, Wyandot County Children Services Board ("Children Services"). For the following reasons, we affirm the judgment of the trial court.
The facts and procedural history of the case are as follows. The appellant is the biological mother of a son, Caleb. Caleb was born to the appellant on November 2, 1998. In January 1999, Caleb developed a severe skin condition, seborrhea dermatitis, which subsequently went untreated. On January 26, 1999, Children Services filed a complaint alleging that Caleb was a neglected and dependent child. Children Services requested an ex-parte order for emergency custody of Caleb. Pursuant to the ex parte order, Caleb was removed from the appellant's home and was placed in the emergency temporary care and custody of Children Services.
A probable cause hearing was held on February 8, 1999. At the hearing, the trial court granted temporary care and custody of Caleb to Children Services.
In February 1999, a case plan was filed with the objective of reunifying the appellant with her son. The case plan required the appellant to provide Caleb with appropriate medical care, participate in a counseling program, attend parenting classes, maintain steady employment, obtain adequate and suitable housing, and earn her GED diploma.
In March 1999, the parties stipulated that Caleb was a neglected and dependent child, and Children Services was granted temporary care and custody of Caleb for one year. On January 3, 2000, Children Services filed a motion for permanent custody of Caleb on the basis that the appellant had failed to comply with the requirements of her case plan. A permanent custody hearing was held on April 25, 2000.[1] By judgment entry of April 25, 2000, the trial court terminated the parental rights and responsibilities of the appellant and granted permanent care and custody of Caleb to Children Services.
It is from this judgment that the appellant now appeals, asserting the following sole assignment of error for our review.
 ASSIGNMENT OF ERROR
The trial court's decision granting permanent custody of Caleb McDuffie to Wyandot County Department of Human Services was not supported by clear and convincing evidence and was contrary to law.
R.C. 2151.353(A)(4) authorizes a trial court to grant permanent custody to a public children services agency in the event that a child has been adjudicated abused, neglected, or dependent. A trial court's decision to grant permanent custody under R.C. 2151.353 must be in accordance with R.C. 2151.414, wherein a trial court may only grant a motion for permanent custody if two separate and distinct determinations are made.
Initially, the trial court must determine, by clear and convincing evidence, if permanent placement is in the best interest of the child. See R.C. 2151.414(B)(1). In making such a determination, the court must consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child * * *;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
Several of the factors set forth in R.C. 2151.414(E)(7) to (E)(11) include whether the parents have been convicted of or pleaded guilty to various criminal offenses, whether medical treatment or food has been repeatedly withheld from the child, and whether the parent has placed the child at a substantial risk of harm two or more times due to alcohol or drug abuse.In the Matter of Weatherholt (Feb. 4, 2000), Seneca App. Nos. 13-99-31 and 13-99-32, unreported.
Pursuant to R.C. 2151.414(B)(1), upon determining that permanent placement is in the best interest of the child, the trial court must then find, by clear and convincing evidence, that any of the following apply:
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
(b) The child is abandoned.
 (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
Clear and convincing evidence has been defined as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Prior to commencing our inquiry, we note that a reviewing court may not reverse a trial court's judgment based on the weight of the evidence presented, since the trial judge, when acting as the trier of facts, is in the best position to weigh the evidence and evaluate the testimony. In re Brown (1994), 98 Ohio App.3d 337,342. Furthermore, a trial court's determination in a child custody proceeding is subject to reversal only upon a showing of an abuse of discretion. Miller v. Miller (1988), 37 Ohio St.3d 71,74. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
In the case herein, the trial court, upon considering all of the evidence presented, found by clear and convincing evidence it was in Caleb's best interest to grant permanent custody of him to Children Services. Specifically, the trial court found the appellant had failed to obtain adequate and suitable housing as required by her case plan[2], had failed to regularly attend counseling and parenting classes, had been unable to maintain steady employment[3], had missed appointments with case workers, and had pleaded guilty to one count of child endangering.[4]
The trial court also concluded by clear and convincing evidence that Caleb could not be placed with either parent within a reasonable time, or should not be placed with his parents.[5]
In particular, the trial court found the appellant had demonstrated a lack of commitment toward the child by failing to obtain medical coverage for him, and by failing to provide him with an adequate and suitable permanent home. The trial court also found the appellant had failed to regularly visit or communicate with the child.
Having conducted a thorough review of the record, we find the evidence before this Court clearly demonstrates that Caleb is in need of legally secure, permanent placement, and that type of placement can only be achieved with a grant of permanent custody to Children Services. The evidence establishes that, despite the appellant's arguments to the contrary, she has continuously and repeatedly failed to comply with all of the conditions of her case plan and has failed to demonstrate a firm commitment toward her child.
Based upon the foregoing, we find that the trial court's determination to place Caleb in the permanent care and custody of Children Services was not an abuse of discretion.
Accordingly, the appellant's assignment of error is not well-taken and is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the Wyandot County Court of Common Pleas.
 ___________________________ HADLEY, P.J.
 SHAW and BRYANT, JJ., concur.
[1] We note that at the time of the permanent custody hearing, the appellant was pregnant with her third child. The appellant's first borne child is in the care and custody of her mother, who resides in the State of Georgia.
[2] At the time of the permanent custody hearing, the appellant was staying with "a friend" in Marion, Ohio.
[3] The record reflects that the appellant has held numerous positions since June of 1999.
[4] The criminal charge resulted in the initial placement of Caleb in the temporary care and custody of Children Services.
[5] It appears from the record that Caleb's biological father is unknown and has failed to appear in court having been properly served by publication.